# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| HOWLINK GLOBAL LLC, | § | |
| | § | |
| v. | § | Case No. 4:11-CV-71 |
| | § | Judge Clark/Judge Mazzant |
| CENTRIS INFORMATION SYSTEMS, | § | |
| LLC, et al. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge entered his report containing proposed findings and recommendations regarding claim construction of eight disputed terms. Doc. #154. Plaintiff timely filed three objections. Doc. # 159.

Plaintiff filed this patent infringement action asserting Unites States Patent No. 7,876,744 ("the '744 patent"), which relates to collect calling using Voice over Internet Protocol ("VoIP"). Upon full briefing, the United States Magistrate Judge held a claim construction hearing. Having received the report of the Magistrate Judge [Doc. #154], and considering the objections filed by Plaintiff [Doc. #159], the response filed by Defendant [Doc. #162], and the notice of supplemental authority filed by Plaintiff [Doc. #163], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes the objections are without merit. Claim 1 of the '744 patent is exemplary and recites, in relevant part (emphasis added):

1

> 1. A method of providing a collect call service based on a voice over Internet Protocol (VoIP) system, the method comprising: . . .
>
> > *temporarily transmitting voice of a caller* to the called terminal to identify the caller when the second communication link is established, and *then prohibiting voice transmission* until a collect call acceptance arrives after *the temporary voice transmission*; . . . .

'744 patent at 13:58-60 and 14:6-10 (emphasis added).

The Magistrate Judge construed this term to mean:

> [F]or a limited time, transmitting the live voice of a caller so that the caller can speak to the called party and the called party can hear what the caller is saying when the second communication link is established.

Doc. # 154 at 28.

Plaintiff objects on three grounds: (1) that the Magistrate Judge wrongly applied "prosecution history estoppel"; (2) that he misread a prior art reference; and (3) that he mistakenly concluded that the "voice of a caller" referred to the "voice transmission" that is prohibited until the call is accepted.

Plaintiff's description of its first objection as a complaint about "prosecution history estoppel" must be viewed as a misnomer. "Prosecution history estoppel" does not apply during claim construction; rather, it is an argument raised when determining whether there is infringement under the doctrine of equivalents. *See, e.g., Regents of Univ. of Cal. v. Dakocytomation Cal., I*nc., 517 F.3d 1364, 1376 (Fed. Cir. 2008) (prosecution history estoppel "prevents a patentee from recapturing under the doctrine of equivalents subject matter surrendered during prosecution to obtain a patent."); *Senior Techs., Inc. v. R.F. Techs., Inc.*, 76 F. App'x 318, 320 (Fed. Cir. 2003) ("[P]rosecution history estoppel does not apply to claim construction . . . .").

Continuing on to the substance of Plaintiff's first argument, Plaintiff asserts that the prosecution history contains no written arguments by the patentee that would support finding a disavowal, and Plaintiff urges that the patentee's amendment during prosecution to recite "voice of a caller" in the claims was not sufficient to trigger a prosecution history disclaimer requiring a "live" voice. Doc. #159 at 8 of 18. Plaintiff also puts weight on the patentee's statement during prosecution that he did not necessarily adopt the examiner's Reasons for Allowance, which cited the "voice of a caller." *Id.* at 10 of 18.

Plaintiff's argument fails because the patentee amended the claims to overcome prior art. *Schindler*, which Plaintiff itself cites, explains:

> The doctrine of prosecution disclaimer attaches where an applicant, whether by amendment or by argument, unequivocally disavowed a certain meaning to obtain his patent. For example, an amendment that clearly narrows the scope of a claim, such as by the addition of a new claim limitation, constitutes a disclaimer of any claim interpretation that would effectively eliminate the limitation or that would otherwise recapture the claim's original scope.

*Schindler Elevator Corp. v. Otis Elevator Co.*, 593 F.3d 1275, 1285 (Fed. Cir. 2010) (citation and internal quotation marks omitted).

Second, Plaintiff argues the Magistrate Judge improperly interpreted United States Patent No. 6,788,674 to Karamchedu ("Karamchedu"), which was the basis for rejections during prosecution. Doc. #159 at 10 of 18.[1] Plaintiff argues that the Magistrate Judge erred by reading Karamchedu as implying a recorded voice because Karamchedu contains no disclosure of the

---

[1] The real issue is not whether Karamchedu was properly interpreted by the Magistrate Judge, but how the patentee amended the claims at issue *in response to* the PTO Examiner's rejection over Karamchedu. It is too late to rehash arguments that Plaintiff wishes the Examiner would have accepted during prosecution; Plaintiff is limited at this point to arguing for construction in light of the patentee's amendment after the Examiner's rejection and the reasons stated for the rejection.

3

voice of a caller, pre-recorded or otherwise. *Id.* Instead, Plaintiff argues that Karamchedu discloses only a "computerized" message because no voice call involving the caller exists until Karamchedu's "bridgeport" calls the caller, which does not occur until after the called party has accepted the collect call. *Id.* at 11 of 18. Plaintiff concludes that the patentee distinguished Karamchedu based on using the voice of a caller—either live or pre-recorded—as well as based on "call flow." *Id.*

Plaintiff's "call flow" argument fails because the patentee amended the claims to recite "voice of a caller." *Schindler*, 593 F.3d at 1285. As to Plaintiff's argument that Karamchedu only discloses a computer-generated voice rather than the actual voice of a caller, Plaintiff has not shown that a voice call to the caller must have been made before a pre-recorded voice could be used. A pre-recorded voice is, by definition, recorded at some earlier time. But even assuming that Karamchedu was limited to a computer-generated voice, Plaintiff's argument ultimately fails because a pre-recorded voice would not then need to be "prohibit[ed]," as discussed in the next paragraph.

Third, Plaintiff argues the Magistrate Judge incorrectly found that the antecedent basis for the prohibited "voice transmission" is the temporarily transmitted "voice of a caller." Doc. #159 at 13 of 18. The court first notes Plaintiff incorrectly quoted the claim language at issue at least once, stating that the claim language reads "temporarily transmitting voice of a caller to the called terminal to identify when the second communication link is established" when the claim actually reads "temporarily transmitting voice of a caller to the called termination to identify *the caller* when the second communication link is established." *Compare* Doc. # 159 at 5 of 18 *with* '744 patent, claim 1. The difference is of some importance when analyzing the Objections,

4

especially in light of Plaintiff's preferred construction, which would define the phrase as calling for any old voice announcement that identifies the caller.

The claim term itself calls for transmission of the voice of "a caller" to identify "the caller." There is no support in the specification for an argument that "a caller" refers to anyone other than "the caller" referred to a few words later in the sentence. Ordinary grammar aside, no one reading the claim and specification would imagine that the inventor contemplated, or intended to describe, two different callers working together so that one of them could talk to the called party. Likewise, there would be no purpose in prohibiting any voice other than that.

Plaintiff submits that the word "the," as it appears in the phrase "prohibiting *the* voice transmission," in all but one of the claims at issue was a typographical error. Doc. # 159 at 13 of 18. Plaintiff then argues that in the phrase "prohibiting voice transmission until a collect call acceptance arrives after the temporary voice transmission," the "*temporary* voice transmission" is different from the "voice transmission" that is prohibited. *Id.* at 15 of 18.

On balance, a person of ordinary skill in the art would read the claims to mean that "voice transmission" refers to the same thing throughout the claims and that what is "prohibit[ed]" is what was "temporarily transmitt[ed]," particularly in light of the use of the word "then" to introduce the "prohibiting" step. *See Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, 512 F.3d 1338, 1345 (Fed. Cir. 2008) ("As a general rule the claim is not limited to performance of the steps in the order recited, unless the claim explicitly or implicitly requires a specific order."). Such a reading, in turn, supports finding that what is "temporarily transmitt[ed]" is the "live" voice of a caller because there would be no need to "prohibit" a pre-recorded voice.

5

Plaintiff argues that because "voice of a caller" was added by amendment to replace "voice transmission" in the "temporarily transmitting" step, "voice of a caller" cannot mean the same thing as "voice transmission" because otherwise the amendment would have had no meaning. Doc. # 159 at 14 of 18. This argument fails because the amendment clarified that what is transmitted is the live voice of a caller.

Finally, Plaintiff argues that the construction recommended by the Magistrate Judge would create redundancy in the claims because the limitations at issue would become:

1. "temporarily transmitting voice of a caller to the called terminal to identify the caller when the second communication link is established" and

2. "prohibiting <u>the temporary transmission of voice of a caller</u> until the collect call acceptance arrives after the temporary voice transmission"

*Id.* (emphasis Plaintiff's). Plaintiff argues that under such a reading, the prohibiting step would be unnecessary because the term "temporary" implies "necessarily prohibited after a limited time." *Id.* This argument fails because the "prohibiting" step further defines the "temporary" nature of the transmission with reference to the "collect call acceptance."

In its Notice of Supplemental Authority [Doc. #163], Plaintiff cites *Grober v. Mako Products, Inc.*, 2012 WL 3065278 (Fed. Cir. July 30, 2012) and *01 Communique Laboratory, Inc. v. Logmein, Inc.*, 2012 WL 3089367 (Fed. Cir. July 31, 2012). Plaintiff argues that these two recent decisions from the Federal Circuit indicate that the Magistrate Judge erred in applying prosecution disclaimer to reach limiting claim constructions. Doc. #163 at 1. The court disagrees.

In *Grober*, the Federal Circuit found that "Grober's statements were not an unambiguous disavowal that clearly and unmistakably disclaims claim scope or meaning." *Grober*, 2012 WL 3065278, at *4. The court indicated that Grober's statements in reference to the prior art did not

narrow the meaning of the patent, and that the district court improperly emphasized a general statement out of context to limit the disputed claim.

*Grober* is distinguishable for several reasons. First, it did not deal with a claim amendment as in this case. *Grober* found that the district court erroneously read the prosecution history as adopting the reexamination requestor's characterization of the invention. Second, *Grober* also found error in that certain statements relied upon by the district court related to how a part of the invention was positioned, rather than any characteristics of the element itself. In contrast, Plaintiff in this case is attempting to avoid an amendment to the claim language made by the patentee to avoid the prior art. The Magistrate Judge found that the patentee's change in language from "temporarily permitting voice transmission" to "temporarily transmitting voice of a caller" in order to overcome rejection by the examiner should be given effect in the construction of the disputed terms. Doc. #154 at 27. The court agrees that the patentee made a "clear and unmistakable" disavowal by referring to "temporarily transmitting voice of a caller."

Plaintiff also relies on the decision of the Federal Circuit in *01 Communique* for the proposition that:

> An ambiguous disclaimer, however, does not advance the patent's notice function or justify public reliance, and the court will not use it to limit a claim term's ordinary meaning. There is no clear and unmistakable disclaimer if a prosecution argument is subject to more than one reasonable interpretation, one of which is consistent with a proffered meaning of the disputed term.

*01 Communique,* 2012 WL 3089367 at *4 (internal quotations and citations omitted). However, the court finds that Plaintiff's proposed interpretation of the prosecution history is not reasonable in light of the context of the claims, which recited that the temporary voice of a caller is something that is then "prohibit[ed]" by the claim language itself.

7

In sum, the court agrees with the report of the Magistrate Judge and finds that the objections raised by Plaintiff are the same or similar to arguments presented to, and properly rejected by, the Magistrate Judge.

It is therefore **ORDERED** that Plaintiff's Objections to Report and Recommendation of United States Magistrate Judge Regarding Claim Construction [Doc. #159] are overruled, and the Report and Recommendation [Doc. #154] is hereby adopted.

So **ORDERED** and **SIGNED** this **29** day of **August, 2012.**

_____
Ron Clark, United States District Judge