# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| HOWLINK GLOBAL LLC | § | |
| | § | |
| V. | § | CASE NO. 4:11-CV-71 |
| | § | Judge Clark/Judge Mazzant |
| CENTRIS INFORMATION SERVICES, LLC, *et al*. | § | **SEALED** |
| | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court are Defendant Network Communications International Corp.'s Motion for Costs Pursuant to Fed. R. Civ. P. 54 and 68 of Plaintiff Howlink Global LLC (Dkt. #178) and Opposed Motion for Attorney's Fees (Dkt. #183). Having considered the relevant pleadings, the Court finds both motions should be denied.

### BACKGROUND

On February 15, 2011, Plaintiff Howlink Global LLC ("Howlink" or "Plaintiff") brought suit for infringement of United States Patent No. 7,876,744 (the "'744 Patent") against Defendant Network Communications International Corporation ("NCIC" or "Defendant"), and eleven other defendants who provided telecommunications services. (Dkt. #1; Dkt. #16). Howlink asserted the '744 Patent related to collect calling using Voice over Internal Protocol ("VoIP"). VoIP systems can be used in place of the Public Switched Telephone Network ("PSTN") for all or part of the connection between a calling "terminal" (such as a telephone) and a called terminal. On June 4, 2012, the Court held a claim construction hearing, and on June 28, 2012, issued its Report and Recommendation (Dkt. #151; Dkt. #154). In its Report and Recommendation, the Court limited the phrase "voice of a caller," to mean the caller's "live" voice only and excluded the caller's "recorded" voice from the scope of the claims (Dkt. #64).

1

On July 12, 2012, Plaintiff filed its Objections to Report and Recommendation of United States Magistrate Judge Regarding Claim Construction with respect to the constructions for two claim terms: (1) "temporarily transmitting voice of a caller to the called terminal to identify the caller when the second communication link is established" and (2) "prohibiting voice transmission until the collect call acceptance arrives after the temporary voice transmission" (Dkt. #159). The District Court issued its Order Adopting the Report and Recommendation of United States Magistrate Judge on August 29, 2012 (Dkt. #167). As a result, Plaintiff agreed that it could not prevail on the issue of infringement against Defendant based on the claim construction order that limited the term "voice of the caller" to the caller's "live" voice and the Court's exclusion of the caller's "recorded" voice (Dkt. #169; Dkt. #170).

On October 19, 2012, the Court entered a Stipulated Judgment of Noninfringement between Plaintiff and Defendants NCIC and Consolidated Telecom, Inc. ("CTEL") (Dkt. #170). In its Motion for Approval of Stipulated Judgment of Noninfringement, Defendants expressly reserved their right to seek fees and costs associated with this case (Dkt. #169). In its Order on Motion for Approval of Stipulated Judgment of Noninfringement, this Court granted Defendant's request to seek fees and costs associated with the case in the event the claim construction decision was not reversed or modified on appeal, or Plaintiff failed to timely file an appeal (Dkt. #170). Plaintiff subsequently appealed to the Federal Circuit (Dkt. #171). On April 2, 2014, the Federal Circuit affirmed the district court's judgment of noninfringement (Dkt. #176). Accordingly, on May 9, 2014, the Federal Circuit issued its mandate to this Court (Dkt. #177).

On June 16, 2014, Defendant NCIC, filed a motion seeking costs pursuant to 28 U.S.C. § 1920 (Dkt. #178). Plaintiff filed its response on June 17, 2014 (Dkt. #179). Defendant filed its

reply on June 27, 2014 (Dkt. #182). Plaintiff filed its sur-reply on July 7, 2014 (Dkt. #184). The Court will address Defendant's motion for costs first and then the motion for attorneys' fees.

## ANALYSIS

*Defendant's Motion for Costs Pursuant to Fed. R. Civ. P. 54 and 68 (Dkt. #178)*

Courts may only award costs that are specifically articulated in 28 U.S.C. § 1920, absent explicit statutory or contractual authorization to the contrary. *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). Section 1920 allows recovery of the following costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title [28 U.S.C. § 1923]; and
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 U.S.C. § 1828].

28 U.S.C. § 1920. A prevailing party bears the burden of showing the necessity and reasonableness of the costs challenged by the opposing party. *Faculty Rights Coalition v. Shahrokhi*, No. H-04-2127, 2005 WL 1924192, at *1 (S.D. Tex. Aug. 10, 2005).

Defendant requests costs under both Federal Rule of Civil Procedure 54 and 68[1]. Federal Rule of Civil Procedure 54(d)(1) plainly states, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing

---

[1] Defendant waived its request for costs under Fed. R. Civ. P. 68 in its reply to Howlink's response, as Defendant did not address this issue in its reply (Dkt. #182). Accordingly, the Court will not address this issue. However, even if the Court were to address this issue, it appears that Defendant is not entitled to costs under Rule 68. In *Delta Air Lines, Inc. v. August*, 450 U.S. 346 (1981), the Supreme Court held that Rule 68 "applies only to offers made by the defendant and only to judgments obtained by the plaintiff. It therefore is simply inapplicable to this case because it was the defendant that obtained the judgment." *Id.* at 352; *see also Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 334 (5th Cir. 1995) ("the rule is not applicable when a defendant actually prevails over the plaintiff"). Since the judgment in this case was against Plaintiff and in favor of Defendant, Ruel 68 does not apply.

3

party. . . ." *See also Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). Further, Rule 54(d)(1) "contains a strong presumption that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). In fact, the presumption is so strong that a court must articulate good reasons for doing so when it does not award costs. *Id*. Accordingly, the denial of costs is described as "in the nature of a penalty." *Pacheco*, 448 F.3d at 793-94 (quoting *Schwarz*, 767 F.2d at 131). While the court may decline to award costs, it may only tax costs that are listed in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). "Allowable costs are limited to these categories, and expenses that are not authorized by statute or contract must be borne by the party incurring them." *Baisden v. I'm Ready Productions, Inc.*, 793 F. Supp. 2d 970, 973 (S.D. Tex. 2001).

Here, Plaintiff contends that Defendant may not recover costs because Defendant failed to file the bill of costs in a timely manner. "Rule 54(d) sets out no specific time limit for filing a bill of costs, effectively allowing a party to wait until after appeal." *Power-One, Inc. v. Artesyn Technologies, Inc.*, No. 2:05cv463, 2008 WL 4065871, at *2 (E.D. Tex. Aug. 27, 2008) (citing *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 454 n.17 (1982) (noting that Rule 54(d) specifies no time barrier for motions for costs)). However, in *White*, the Supreme Court acknowledged that even though Rule 54(d) does not provide a time limit, district courts are free to adopt local rules that establish standards for the timely filing of a bill of costs. *White*, 455 U.S. at 454 n.17. Moreover, the Court in *White* explicitly recognized that "the district courts retain discretion under Rules 54(d) and 58 to deny even motions for costs that are filed with unreasonable tardiness." *Id.* Thus, the Court must look to the local rules of the Eastern District of Texas to determine whether Defendant's motion was timely filed.

The Eastern District of Texas Local Rule CV-54(a) states:

> A party awarded costs by final judgment or by judgment that a presiding judge directs be entered as final under Fed. R. Civ. P. 54(b) must apply to the clerk for taxation of such costs by filing a bill of costs. Unless otherwise provided by statute or by an order of the presiding judge, the bill of costs must be filed with the clerk and served on any party entitled to such service no later than *fourteen* days after the clerk enters the judgment on the docket (emphasis added).

Thus, according to the local rules a party must file its bill of costs no later than fourteen days after the court enters final judgment, unless the presiding judge dictates otherwise. Failure to file a bill of costs within fourteen days of the court's final judgment renders the requests for costs untimely.

Here, the Court's order on the motion for approval of stipulated judgment of noninfringment (Dkt. #170), was entered on October 22, 2012, and allowed Defendant to seek fees and costs in this case "in the event the claim construction is not reversed or modified on appeal." The Federal Circuit issued its judgment affirming the district court's ruling in favor of the Defendant on April 2, 2014, and its mandate to this Court on May 9, 2014 (Dkt. #176; Dkt. #177). Defendant filed its bill of costs on June 16, 2014; which is seventy-five (75) days after the judgment of the Federal Circuit, and thirty-eight (38) days after the mandate (Dkt. #178). The Defendant offers no explanation for the lapse of time in filing its motion for costs.

Courts have broad discretion to determine how and when to enforce the local rules, and when to pardon noncompliance. *Brewer v. Wisconsin Bd. Of Bar Examiners*, No. 04-C-0694, 2007 WL 1140249, at *3 (E.D. Wis. Apr. 17, 2007) (citing *Waldridge v. Amer. Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994); *cf. Brengettcy v. Horton*, 423 F.3d 674, 681 (7th Cir. 2005) ("noncompliance with a court's local rules does not create a jurisdictional bar for the district court or for us."). After reviewing the procedural history of this case, the Court finds that this Court's local rule does not apply to this case. In this case, the order of the presiding judge altered the time frame for filing the bill of costs that is specified in the local rule, in that it

allowed Defendant to file a bill of costs after the judgment of the Federal Circuit was entered. Thus, the Court's local rule is not applicable.[2]

The Court will now turn to Federal Rule of Civil Procedure 54(d)(1) for guidance, which gives the Court discretion to deny tardy requests for costs: "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1); *see also White,* 455 U.S. at 454 n.17 ("[T]he district courts retain discretion under Rules 54(d) and 58 to deny even motions for costs that are filed with unreasonable tardiness."). Although Rule 54(d)(1) does not specify a time frame for filing a bill of costs, the Rule does state that the "clerk may tax costs on 14 days' notice." Many of the various district courts' local rules allow a time frame of fourteen (14) days to thirty (30) days after a judgment as a reasonable time frame for filing a bill of costs. "[In the absence of a statutory or rule-based deadline . . . a general rule of diligence should govern." *Dippin' Dots, Inc. v. Mosey*, 602 F. Supp. 2d 777, 783 (N.D. Tex. 2009) (citing *JCW Investments, Inc. v. Novelty, Inc.*, 509 F.3d 339, 342 (7th Cir. 2007)). "[A]nything within 30 days shows reasonable diligence." *Id*. Accordingly, the Court finds that thirty days is a reasonable guideline for filing a timely motion for costs. Here, Defendant's motion for costs was filed thirty-eight (38) days after the mandate of the Federal Circuit, making it at least eight (8) days late. Further, Defendant offers no explanation as to its failure to file its motion for costs timely. The district court in *Brewer* denied costs to a *pro se* litigant for being tardy by six days. *Brewer*, 2007 WL 1140249, at *3. That court noted that

---

[2] Defendant argues that because the Court did not reenter a judgment on the docket following the mandate of the Federal Circuit, the fourteen days did not being tolling. First, the Court has found that the local rule in this case is not applicable. Second, there is nothing in the Eastern District of Texas local rules or the Federal Rules dictating that a clerk must reenter a judgment as Defendant contends. In the present case, it is clear that the Defendant prevailed in the litigation because the Court ordered a judgment of noninfringement. The order allowed for costs to be sought by the Defendants. Therefore, the final judgment awarded costs to Defendant under Rule 54(d), and Defendant should have filed a bill of costs with the clerk in compliance with the Eastern District of Texas' Local Rule CV-54(a).

other courts have denied costs for being just one day late, where, as is the case with NCIC, the party offered no explanation for its tardiness. *See Wild v. Alster*, No. Civ. A. 01-0479, 2005 WL 1458283, at 1-2 (D.D.C. June 17, 2005); *see also Stanford v. Burlington Motor Carriers*, 74 F. Supp. 2d 1155, 1156 (M.D. Ala. 1999) (denying cost request filed nine days late where party offered no explanation for its tardiness and noting unfamiliarity with local rules does not excuse noncompliance). The Court, therefore, finds that waiting thirty-eight (38) days to file a motion for bill of costs is untimely, and recommends Defendant's request for costs under Federal Rule of Civil Procedure 54(d)(1) be denied.

*Defendant's Motion for Attorney's Fees (Dkt. #183)*

Plaintiff argues that Defendant's motion for attorney's fees is also untimely under Federal Rule of Civil Procedure 54 and this Court's Local Rule CV-54. As stated in the analysis above, those rules provide a party with fourteen days in which to file their motion for attorneys' fees after the final judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). As the Court noted, this Court's local rule does not apply to this case. In this case, the order of the presiding judge altered the time frame for filing the motion for attorneys' fees that is specified in the local rule, in that it allowed Defendant to file its motion for attorneys' fees after the judgment of the Federal Circuit was entered. Thus, the Court's local rule is not applicable, and the Court will look to the Federal Rules of Civil Procedure for guidance.

Plaintiff argues that final judgment occurred on May 13, 2014, when the Court docketed the mandate (Dkt. #177). Defendant filed its motion for attorneys' fees fifty-five (55) days later on July 7, 2014 (Dkt. #183).

The Court finds it is reasonable to assume that the date of the mandate being entered on the docket is the date of final judgment for the purposes of this motion. *See Dippin' Dots,* 602 F.

Supp. 2d at 783 n.2. Plaintiff argues that Defendant missed the fourteen-day deadline given in Rule 54 to file its motion for attorneys' fees. However, Defendant rightly points out that its motion for attorneys' fees is not subject to Rule 54. The case law on this issue is sparse, but it provides enough guidance to make a determination here. Rule 54 does not apply in cases where fees deal with judgments from the Court of Appeals. *See id.* at 782. "Judgment" is defined in Rule 54 as "any order from which an appeal lies." Fed. R. Civ. P. 54(a). Thus, Rule 54 could not apply to a judgment from the Court of Appeals because the Court of Appeals ruling can be appealed to the United States Supreme Court. *See Dippin' Dots*, 602 F. Supp. 2d at 782. Taking the Federal Rules as a whole, Rule 1 states that the rules "govern the procedure in all civil actions and proceedings in the United States district courts." Fed. R. Civ. P. 1. "This rule creates a presumption that the Federal Rules only deal with and refer to district court proceedings." *Dippin' Dots*, 602 F. Supp. 2d at 782.

However, the question of how long Defendant had to file its motion still remains. As the *Dippin' Dots* court pointed out, "[i]n the absence of a statutory or rule-based deadline . . . a general rule of diligence should govern." *Id.* at 783 (citing *JCW Investments, Inc. v. Novelty, Inc.*, 509 F.3d 339, 342 (7th Cir. 2007)). Yet, the *Dippin' Dots* court also noted "anything within 30 days shows reasonable diligence." *Id.* This Court agrees, especially because the procedure is "complicated and application of the Federal Rules is unclear." *Id.* Defendant did not provide any explanation for why it took fifty-five (55) days to file its motion for attorneys' fees. The Court finds that fifty-five (55) days is not reasonably diligent. Accordingly, the Court finds that Defendant's motion is untimely and should be denied.

Even if Defendant's motion was filed timely, the Court concludes that the motion should also be denied for the following reasons. In order to award attorneys' fees under 28 U.S.C. §

1927, a court must find that the proceedings were unreasonable and vexatious. It appears that Defendant waived this argument, as it did not pursue this argument again after its initial motion (Dkt. #187). Nevertheless, the Court recommends that Defendant's request for attorneys' fees under 28 U.S.C. § 1927 be denied.

> Section 1927 of the United State Code, Title 28, provides:
>
> Any attorney or other person admitted to conduct cases in any court of the United States or Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. A court must first make detailed findings that the proceedings were both unreasonable and vexatious. *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994). The Fifth Circuit has held that this standard must contain "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir.1998). There is simply no evidence that the proceedings in this matter were multiplied either unreasonably or vexatiously by Plaintiff, and the Court recommends Defendant's request for attorneys' fees under Section 1927 be denied. The Court will now turn to the issue of attorneys' fees under Section 285.

Under 35 U.S.C. § 285 courts are authorized to award attorneys' fees to the prevailing party in "exceptional cases." 35 U.S.C. § 285. "The purpose of § 285 is to compensate the prevailing party for the costs incurred as a result of the losing party's unreasonable conduct." *H-W Technology, Inc., v. Overstock.com, Inc.*, No. 3:12-CV-0636-G BH, 2014 WL 4378750, at *3 (N.D. Tex. Sept. 3, 2014) (*citing Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302, 1313 (Fed. Cir. 2013) ("[I]t is clear that the aim of § 285 is to compensate a defendant for attorneys' fees it should not have been forced to incur."). Federal Circuit law controls the issue of

attorneys' fees in patent infringement cases. *See Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1343 (Fed. Cir. 2001) ("[A]warding [] attorney fees pursuant to 35 U.S.C. § 285 is an issue unique to patent law and therefore subject to Federal Circuit law.")  There is a two-step process courts engage in when deciding whether to award attorneys' fees.  First, the Court must determine whether the case is "exceptional" and, second, if they case is "exceptional" then the Court must determine whether the fee award is appropriate.  *See Motorola, Inc. v. Interdigital Tech. Corp.*, 121 F.3d 1461, 1467-68 (Fed. Cir. 1997); *Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1370 (Fed. Cir. 2004).  Recently, the Supreme Court clarified the standard by which district courts should assess whether an award of fees is warranted in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014).

Prior to *Octane*, the Federal Circuit had established a standard for determining whether a patent case was "exceptional." *See Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378 (Fed. Cir. 2005).  According to the Federal Circuit, "sanctions may be imposed against the patentee only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." *Id*. at 1381.  However, in *Octane* the Supreme Court found that standard "overly rigid." *Octane*, 134 S.Ct. at 1756.  The Court instead looked to the plain meaning of the word "exceptional," holding that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the government law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id*.  The Court held that "[d]istrict courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id*.  Further, "there is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the considerations

we have identified." *Id.* (internal quotation marks omitted). The Court reasoned that the previous standard under *Brooks* "superimpose[d] an inflexible framework" onto the statutory text, which is "inherently flexible." *Id.* Thus, a district court "may award fees in the rare case in which a party's unreasonable conduct . . . is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 1757. The standard used to determine the awards is "by a preponderance of the evidence." *Id.* at 1758.

Defendant argues that Plaintiff's infringement claim was "objectively baseless and brought in subjective bad faith" (Dkt. #183). Defendant reasons that Plaintiff depended on improper constructions of the phrases (1) "temporarily transmitting voice of a caller to the called terminal to identify the caller when the second communication link is established" and (2) "prohibiting voice transmission until the collect call acceptance arrives after the temporary voice transmission" (Dkt. #183 *referring to* U.S. Patent No. 7,876,744). Defendant alleges that Plaintiff was warned in a letter that Plaintiff's contention was not supported and its desired interpretation was "not available" (Dkt. #183). Defendant notes that it specifically cautioned Plaintiff that the '744 patent claims could not be construed to cover collect call services that included a temporary voice transmission comprising the playback of a recorded name (Dkt. #183).

### i. *Totality of the Circumstances*

Viewing Plaintiff's infringement claim from the totality of the circumstances, as directed by *Octane*, it is clear that this case is not exceptional. Even though a plaintiff may have a losing argument, in order to be exceptional, the arguments still must "stand out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the reasonable manner in which the case was litigated." *Octane*, 134

11

S.Ct. at 1756. Plaintiff's claim construction argument regarding its interpretation of the terms was certainly reasonable. Although the Court did not ultimately adopt Plaintiff's construction, there is nothing to suggest that Plaintiff made its arguments in bad faith or frivolously. In addition, the Federal Circuit held oral arguments on the merits of the claims, which suggests that the claim is not frivolous. *iLori, LLC v. Google, Inc.*, 631 F.3d 1372, 1379 (Fed. Cir. 2011); *see also* Fed. R. App. P. 34 ("Oral argument must be allowed in every case unless a panel of three judges who have examined the briefs and record unanimously agrees that oral argument is unnecessary for any of the following reasons: (A) the appeal is frivolous . . . ."). Defendant failed to show how Plaintiff's claim was exceptional "from mine-run cases to warrant a fee award." *Octane*, 134 S.Ct. at 1757. This Court determines that Plaintiff's infringement claim, while unsuccessful, was not clearly "frivolous." *See iLori, LLC*, 631 F.3d at 1379.

### ii. *Award of Attorneys' Fees*

Since the Court finds that this case was not exceptional, there is no need to address the second prong; however, the Court will address this prong as well. Even in exceptional cases, a court must determine independently whether the award of attorneys' fees is appropriate. *See Motorola, Inc.* 121 F.3d at 1468. Courts will consider a number of factors when determining whether to impose attorneys' fees such as, "the closeness of the case, the tactics of counsel, the conduct of the parties, and any other factors that may contribute to a fair allocation of the burdens of litigation as between winner and loser." *S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 201 (Fed.Cir. 1986).

Plaintiff's proposal that "temporarily transmitting voice of a caller" should be construed openly so as not to be limited to a caller's "live" voice was unsuccessful, but the claim was not clearly frivolous. *See iLOR, LLC*, 631 F.3d at 1379. The legal arguments made by Plaintiff were

unconvincing, but Plaintiff's conduct was not unreasonable and there is no allegation of delay caused by Plaintiff. No other factors weigh in favor of awarding attorneys' fees to Defendant. Therefore, Defendant's motion for attorneys' fees under § 285 should be denied.

Finally, courts can exercise powers of inherent authority to assess attorneys' fees. Courts may take into account a number of factors, including: when a party acted in bad faith, vexatiously, wantonly, for oppressive reasons, *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975), when a party commits fraud on the court, *Universal Oil Products Co. v. Root Refining Co.*, 421 U.S. 240, 259 (1946), or when a party delays or disrupts litigation or interferes with a court order's enforcement, *Hutto v. Finney*, 437 U.S. 678, 689 (1978). Meeting the bar for attorneys' fees under a court's inherent powers is "more stringent" than the bar under Section 285, and the Court finds that Defendant failed to meet either standard. *H-W*, 2014 WL 4378750, at *8. Therefore, Defendant's request for attorneys' fees and costs under the Court's inherent power should be denied.

## CONLCUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that Defendant Network Communications International Corp.'s Motion for Costs Pursuant to Fed. R. Civ. P. 54 and 68 of Plaintiff Howlink Global LLC (Dkt. #178) be **DENIED**. In addition, the Court recommends that Defendant Network Communications International Corp.'s Opposed Motion for Attorney's Fees (Dkt. #183) also be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 5th day of December, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE